## CUDAHY PACKING CO. v. UNITED STATES.

### Civil Action No. 1144.

District Court, N. D. Illinois, E. D.

June 20, 1944.

Samuel O. Clark, Jr., Asst. Atty. Gen., J. Louis Monarch and Frederic G. Rita, Sp. Assts. to Atty. Gen., and J. Albert Woll, U. S. Atty., and John B. Stephan, Asst. U. S. Atty., both of Chicago, Ill., for the Government.

Defrees, Fiske, O'Brien & Thompson and Thomas Creigh, all of Chicago, Ill., for plaintiff.

BARNES, District Judge.

### Findings of Fact

1. The plaintiff is, and at all the times hereinafter mentioned was, a Maine corporation engaged in the business of meat packing with its principal office and place of business at Chicago, Illinois.

2. This is a suit of a civil nature under Section 905 of the Revenue Act of 1936, c. 690, 49 Stat. 1648, 7 U.S.C.A. § 647.

3. That between the 9th day of August, 1933, and the 15th day of November, 1934, the plaintiff paid to the Collector of Internal Revenue the sum of $308,182.08 as floor stocks taxes under the Agricultural Adjustment Act, 7 U.S.C.A. § 601 et seq., $291,-666.31 of which was for floor stocks taxes upon hogs; the balance, upon other commodities used by the plaintiff in its business of meat packing.

4. On June 8, 1937, plaintiff filed a claim for refund of the said sum of $308,-182.08 alleging that it had sold its commodities at market prices and that it had not billed the tax to its vendees as a separate item.

5. That the said claim for refund alleged that no amount of "floor stock tax, was ever allocated to, or apportioned to, any sales, or to any number of sales, of any ultimate product, or stated on any sale invoice, or in any manner added, as a separate item, to the sale price of any ultimate product, in any sale transaction; or ever included in any identifiable manner in any such sales price, or in any sales transaction; or ever collected as a separate or identified item, from any vendee, in any sales transaction" and if Section 902 of the Revenue Act of 1936, c. 690, 49 Stat. 1648, 7 U.S.C.A. § 644, requires proof in addition to this, it requires proof impossible to make and is unconstitutional and void.

6. That the said claim for refund has not been acted upon by the Commissioner of Internal Revenue and this suit was commenced more than eighteen months after the filing of said claim.

7. On October 21, 1933, prior to the effective date of the floor stocks tax, November 5, 1933, the plaintiff added 50¢ per hundred weight of hogs, live weight, to its cutting cost to cover the floor stocks tax.

8. The sum so added was the exact amount of the floor stocks tax imposed under the provisions of the Agricultural Adjustment Act.

9. That the plaintiff added this amount to its cost at the time because the plaintiff calculated that 70% of the hogs killed prior to November 5, 1933, would be in cure on November 5, 1933, and subject to floor stocks taxes.

10. That from March 22, 1933, all contracts made by the plaintiff for future delivery of its products contained the clause "Buyer agrees to pay all taxes, charges and increased costs imposed upon these goods by any Federal Farm Relief or similar law now or hereinafter enacted."

11. On October 26, 1933, the plaintiff discontinued the use of this clause and stated that "the necessity for its use has disappeared with our knowledge of what the processing and floor taxes are. On any sale of pork products made from now on, with the full knowledge before us of what taxes we will have to pay, the price charged should be sufficient to insure us a reasonable profit over and above the tax."

12. Of the total amount of floor stocks taxes paid by the plaintiff the sum of $24,595.65 has been refunded to it on sales made to Government agencies and charitable institutions.

13. That the plaintiff, at all times before and after the date of the imposition of the floor stocks tax, sold its products at prevailing market prices.

14. That the said market prices at which the plaintiff sold its products were, on November 5, 1933, the date of the imposition of the floor stocks tax, increased by the amount of the floor stocks tax.

### Conclusions of Law

1. The claim for refund does not comply with the provisions of Section 903 of the Revenue Act of 1936, 7 U.S.C.A. § 645, and the claim for refund is insufficient to support the jurisdiction of this Court as it contains no evidence from which it can be determined whether or not the plaintiff shifted the economic burden of the tax.

2. The evidence is insufficient to establish to the satisfaction of the Court that plaintiff has borne the burden of the amount of the floor stocks taxes paid by it and that it has not been relieved thereof nor reimbursed therefor nor shifted such burden directly or indirectly.

3. That the defendant is entitled to judgment dismissing the complaint.